{¶ 94} While concurring with the balance of the majority's well-reasoned opinion, I would, nevertheless, reverse and remand this matter for trial, based upon the affidavit testimony of Mr. Smith, the Lumley's expert architect. Mr. Smith testified that leaving the pallets in the aisle violated two sections of the Ohio Building Code, Section 1004.3.1.1, and Section 1003.2.8. In relevant part, the learned trial court held as follows: *Page 20 
 {¶ 95} "The affidavit first cites Ohio Building Code, Section 1003.2.8, which provides that the aisle way `shall not be interrupted by any building element.' The affidavit goes on to essentially equate a pallet with a `building element.' The architect then concludes that a pallet is an obstruction under that section of the Code. The architect's conclusion, of course, is clearly erroneous."
 {¶ 96} The following is the relevant portion of Mr. Smith's affidavit:
 {¶ 97} "(13) Per the Ohio Building Code, Section 1003.2.8, Means of Egress Continuity, the path of travel along a building's means of egress shall not be interrupted in any way other than by those components of a building's means of egress (i.e., doors, stairs, etc.) permitted by the Building Code. Obstructions shall not be located in the path of travel of a building's means of egress. Portable empty pallets are not considered by the Ohio Building Code to be a component of a building's means of egress and thus would be considered as an obstruction to the means of egress." (Emphasis added.)
 {¶ 98} Thus, Mr. Smith did not testify that the pallets were building elements: he testified that only components of the means of egress are allowed as obstructions to a means of egress, and that pallets are not such components. This seems exactly opposite of the conclusion drawn by the learned trial court.
 {¶ 99} The trial court continued as follows:
 {¶ 100} "Next, the affidavit cites Section 1004.3.1.1, which requires an aisle width of at least 44 inches. The affidavit goes on to conclude that since the distance between the pallets and the food display freezer was only about one foot, the pallet violated the Code. When viewed in context, it is clear the 44 inches of aisle width stated in the Code *Page 21 
is really a measurement between fixtures, such as the food display freezer, and table, chairs, and other display equipment on either side of an aisle. Pallets used for delivery of goods to stock shelves are not part of measuring the total aisle width for purposes of the Code."
 {¶ 101} Really? Mr. Smith testified as follows:
 {¶ 102} "(11) The Ohio Building Code recognizes retail establishments such as grocery stores as a Mercantile occupancy thus giving these establishments a M use group. The minimum aisle width that is required to be available to a building occupant in a retail building (use group M) shall be as described in the 2002 Ohio Building Code, Section 1004.3.1.1, which states, `In public areas of Group B and M occupancies, the minimum clear aisle width shall be 36 inches where seats, tables, furnishings, displays and similar fixtures or equipment are placed on only one side of the aisle and 44 inches where such fixtures orequipment are placed on both sides of the aisle.'
 {¶ 103} "(12) The one (1) foot aisle space between the freezer and the stacked, empty wood pallets located at the Marc's store at issue on March 27, 2004, being un-barricaded and permitting access by the building occupants, violated the OBC." (Emphasis added.)
 {¶ 104} Well, pallets used for moving goods are equipment, and it seems to this non-expert that the clear import of Mr. Smith's testimony is, that by stacking several of them only a foot away from the freezer, and inviting the public to access the freezer through this narrow passage, Marc's had created an aisle, even if only temporary, which was non-compliant with the Building Code. *Page 22 
 {¶ 105} The Rules of Evidence make provision for expert testimony for the obvious reason that there are areas where only an expert in the field can explain the meaning of texts, procedures, and processes. I think it unwise for lawyers to ignore the expertise of other professionals when their expertise is required to explain an issue in a legal case. I further believe the weighing of evidence, such as occurred herein, violates summary judgment procedure. Evidence of a violation of the Ohio Building Code can constitute evidence of negligence.Chambers v. St. Mary's School (1998), 82 Ohio St.3d 563, 568. Mr. Smith's affidavit testimony was sufficient to create questions of fact only resolvable by a jury.
 {¶ 106} I respectfully dissent. *Page 1